JOHN L. KERTZ, Appellant, v. ELLING SKJEVELAND, Respondent.

(217 N. W. 529.)

**Automobiles — collision on highways — conflicting evidence as to negligence for jury.**

1. In an action to recover damages resulting from a collision of two automobiles upon a highway where the defendant answered denying negligence, alleging that the plaintiff was at fault and asking damages by way of counterclaim, and where there was ample evidence, both in support of the allegations of the complaint and of the answer, it was peculiarly the province of the jury to weigh the evidence and place its estimate upon the credibility of the witnesses.

**New trial — denying motion not error on grounds of passion and prejudice when not indicated by record.**

2. Where the memorandum opinion of the trial court negatives the existence of passion and prejudice at the trial and the record contains no indication of its presence, there can be no error in denying the motion for a new trial on this ground.

**Automobiles — instructions on negligence of automobile driver on highway held not error.**

3. Where each party charged the other with negligence, and where all the evidence tended to show that the plaintiff as he was meeting the defendant turned toward his left instead of his right, he claiming that he was acting in an emergency in an attempt to avoid a collision, it is not error to instruct upon the question of negligence, coupling with such instruction a charge, with special reference to the act of the plaintiff, that the jury should take into consideration the lack of time for him to consider the necessity for determining action, the condition of the ditch at his right, if shown, the natural hesitancy of any prudent man to drive into a ditch, and all the facts and circumstances of the occasion,

and that he would not be considered negligent if he made an error of judgment such as an ordinarily prudent and cautious man might make under the circumstances.

Opinion filed December 29, 1927.    Rehearing denied January 31, 1928.

Motor Vehicles, 42 C. J. § 1066 p. 1248 n. 80; § 1110 p. 1264 n. 71; § 1157 p. 1284 n. 63.    New Trial, 29 Cyc. p. 829 n. 47.

Appeal from the District Court of Ramsey County, *Grimson, J.* Affirmed.

*Adamson & Wheat,* for appellant.

"Where the thing causing the accident is shown to be in the possession and under the control of the defendant, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use the proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."    Olson v. Great N. R. Co. 68 Minn. 155, 2 Am. Neg. Rep. 736.

"What has happened in the past under the same conditions will probably happen in the future, and ordinary and probable results will be presumed to take place until the contrary is shown."    Judson v. Giant Powder Co. 48 Am. St. Rep. 146, 40 Pac. 1020.

"Unexplained, a collision is conclusive evidence of carelessness against the party on the wrong side of the middle of the traveled part of the road."    Bragdon v. Kellog (Me.) 6 A.L.R. 669, 105 Atl. 433.

"When a person is in imminent danger he is not called upon to exercise that intelligence and judgment he would be expected to exercise if he were not in imminent danger, and would stop to investigate and determine which is the right or safe way and which is the wrong or unsafe way, and choosing the latter under the circumstances is not negligence on his part."    McRae v. Erickson, 82 Pac. 210.

"All authorities concur in holding that the duty of a person for his own safety, in an emergency is not to be measured by the ordinary standard, but that allowance is to be made for the state of his emotions."    Smith v. Wrightsville, 83 Ga. 71, 10 S. E. 361.

"The same standard of care is required of both plaintiff and defendant, and is such as the surrounding circumstances seem to require,

and not such as men usually exercise in their daily affairs." Rhyner v. Menasha, 107 Wis. 201, 73 N. W. 41.

"When anyone is in danger through the negligence of another his action in the emergency suddenly thrown upon him cannot be weighed in the scales to determine whether he acted wisely or foolishly in the imminency of great danger." Jacks v. Reeves, 78 Ark. 426, 95 S. W. 781.

"Accidents are unforeseen, unexpected, and unthought of occurrences." Breed v. Glasgow Invest. Co. 92 Fed. 760.

*W. M. Anderson* and *W. T. Morrisey,* for respondent.

"The party holding the affirmative of an issue must assume the burden of proof to establish the essential allegations of his pleadings, that is, present to the court the facts entitling him to recover." Minnehan v. Thompson, 24 N. D. 273, 139 N. W. 960.

"The burden of proof is determined by the pleadings, and never shifts, but must be carried by the responsible party throughout the case." Guild v. More, 32 N. D. 432, 155 N. W. 44.

"There is no legal inference from the happening of an accident itself that the injured person was guilty of contributory negligence." Iverson v. Look, 32 S. D. 332, 143 N. W. 332.

"Newly discovered evidence which is merely cumulative, and does not tend to make a doubtful case clear, is not ground for a new trial." State v. Reilly, 25 N. D. 339, 141 N. W. 720.

"All questions on negligence and contributory negligence, in an action for damages by an employee against a common carrier, are for the jury, which is thereby authorized to weigh the comparative negligence of the parties and estimate the damages accordingly." Peterson v. Fargo-Moorhead Street R. Co. 37 N. D. 440, 164 N. W. 42.

BIRDZELL, Ch. J. In June, 1926 automobiles driven by the plaintiff and the defendant collided. Plaintiff brought this action predicated on the negligence of the defendant to recover for his personal injuries and property damage incident to the collision. The defendant answered denying the negligence and charging that the plaintiff was negligent. He sought judgment on a counterclaim for his property damage and personal injuries. At the trial the jury returned a verdict for the defendant for a dismissal of the action. The plaintiff moved

for a new trial which was denied and he now appeals from the judgment and from the order denying the motion. The facts essential to an understanding of the questions presented on the appeal are, briefly, as follows: At about seven o'clock in the evening on June 23, 1926, the plaintiff, Kertz, and four other men were driving west on highway No. 17, approaching Edmore. When about a mile and a half east of the village of Edmore they met the defendant who was driving east on the same highway. The plaintiff was driving a Ford sedan and the defendant a Chevrolet. In the defendant's car were two men besides himself. The testimony is in irreconcilable conflict upon practically all the facts surrounding the collision. The plaintiff's version, which is corroborated by a number of witnesses, is to the effect that as he was approaching a rise or hill in the road and when approximately from three to four hundred feet from the crest of the hill the defendant's car came over the hill, being driven along the extreme north side of the graded highway at a high rate of speed; that the plaintiff was driving along the same side of the highway, it being his right side. As the cars neared each other and a collision seemed imminent, the plaintiff, to avoid it, turned his car to the left when the cars were within approximately twenty-five feet of each other; that at about the same time the defendant turned his car to his right or in the same direction, and that the front ends, then the rear ends, collided; that both cars crossed the highway toward the south and came to a stop at the south side of the highway, each facing or tending to face in the direction from which it had come. According to the plaintiff's version he was driving at a moderate rate of speed and when the danger became imminent and he turned to the left, he shifted gears. The version of the defendant which is corroborated by a witness who was riding in the front seat with him, the back seat passenger apparently being unavailable as a witness, is that he was driving at a moderate rate of speed at about the center or a little to the right of the center of the highway; that the plaintiff's car was approaching at a high rate of speed; that the collision occurred on his right hand side of the center of the highway and was due to the fault of the plaintiff in not utilizing the clear space upon his right. Each version is further supported by witnesses who were on the scene soon after the accident. There is considerable testimony with reference to the location of ruts or deep marks made

by one or both cars as they approached each other and collided. It is impossible to reconcile the testimony as to depth, location and direction of such mark or marks. There is also conflicting evidence as to whether the defendant and the men with him had been drinking alcohol that evening and as to the finding of a can in the defendant's car containing some of such dangerous liquid.

A reading of the record discloses that upon all disputed facts the testimony is in such a state of conflict that it was peculiarly the province of the jury to weigh the evidence and place its estimate upon the credibility of the witnesses. If the plaintiff's version were believed, he was entitled to a verdict; if the defendant's version were believed, he was entitled to a verdict. On the other hand, if the jury should conclude, as they apparently did, that both parties were guilty of contributory negligence or in a degree responsible for the collision, then the action should be dismissed.

The first assignment of error argued on the appeal is that the court erred in charging the jury that "neither of the parties was negligent merely on account of the happening of the accident." The record discloses that immediately following this charge the court said: "The happening of the collision is a circumstance. This is to be taken into consideration by you in passing upon the matter of negligence." This clearly did not have the effect of withdrawing from the consideration of the jury any evidentiary fact. On the contrary, it submitted the fact of the accident as a circumstance for their consideration.

This record contains nothing to indicate that the verdict of the jury was given under the influence of passion and prejudice. The memorandum opinion of the trial court strongly negatives such charge. Hence, we can find no merit in the assignment of error based upon the refusal of a new trial on such ground.

It is contended that the court erred in permitting the defendant to show the approximate rate of speed at which the plaintiff was traveling several miles before reaching the place of the accident. In view of the character of the issue as to negligent driving, we think there was no error in this. It did not unduly extend the scope of the inquiry.

It is further argued that the court erred in including in the charge to the jury the ordinary definition of negligence and in adding thereto

the following: "The measure of care against accident one must take to avoid responsibility is that which a person of ordinary prudence and caution would use if his own interests were to be affected and the whole risk were his own." It is said that persons in great peril are not required to exercise the presence of mind required of prudent men under ordinary circumstances and that the action of one in an emergency is not to be measured by the ordinary standard. There can be no question of the propriety of defining negligence. The plaintiff and the defendant were each seeking to recover damages on account of the negligence of the other and there was ample evidence in support of each claim to have warranted a recovery. Under all the evidence, however, the plaintiff turned to the left immediately before the col-lision. His act in doing so is justified on the ground that he was acting in an emergency. This matter was submitted to the jury under a proper instruction. They were charged that in deciding the question of negligence or of contributory negligence in this connection they must take into consideration the lack of time for him to consider, the necessity for immediate action, the condition of the ditch at his right, if shown, the natural hesitancy of any prudent man to drive into a ditch, and all the facts and circumstances of the occasion; and that if he made an error of judgment such as an ordinary, prudent and cautious man might make under the circumstances, such error would not constitute negligence. In the light of this instruction, covering as it did the legal course of conduct of one who is claimed to have acted in an emergency, no prejudice could possibly have resulted to the plaintiff from the instruction defining negligence.

Some of the assignments of error are so obviously without merit as to require no discussion. A careful examination of the record dis-closes that a fair trial has been had and that the case was one peculiar-ly appropriate for determination by a jury. Each party adhered to a version of the facts at variance with that of the other, and each was supported by a number of witnesses. The evidence was weighed by the jury and, there being no error in the record affecting a substantial right of the appellant, the verdict and judgment must stand.

The judgment and order appealed from are affirmed.

CHRISTIANSON, BURKE, NUESSLE, and BURR, JJ., concur.